**CASCADE DEVELOPMENT CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 342–86L.**

United States Court of Federal Claims.

Feb. 3, 1993.

Roland L. Skala, Yakima, WA, for plaintiff.

Glen R. Goodsell, Washington, DC, for defendant.

## ORDER

TIDWELL, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the court grants defendant's motion.

## FACTS

The court has set out the factual context of this dispute in earlier orders. *See Cascade Dev. Co. v. United States*, 14 Cl.Ct. 651, *vacated*, 861 F.2d 729 (Fed.Cir.1988); *Cascade Dev. Co. v. United States*, 12 Cl. Ct. 587 (1987), *vacated*, 838 F.2d 1222 (Fed.

Cir.1988). Since the court's last published order, and pursuant to the September 26, 1988, order of the United States Court of Appeals for the Federal Circuit, *Cascade Dev. Co. v. United States*, 861 F.2d 729 (Fed.Cir.1988), plaintiff filed a writ of mandamus in the District Court for the Western District of Washington on July 5, 1989.[1] Plaintiff's purpose in doing so was to exhaust its administrative remedies as mandated by the Federal Circuit. *See Cascade*, 861 F.2d 729; *Cascade*, 14 Cl.Ct. at 655. Specifically, plaintiff seeks declaratory relief in the form of an order requiring the Secretary of the United States Department of Agriculture to complete the road access permitting process in a timely manner. *See Cascade Dev. Co. v. Yeutter*, No. C89–980Z, slip. op. at 3 (W.D.Wash. Oct. 25, 1990). This plaintiff needs in order to determine whether or not it may now gain motorized access to its property.

On December 14, 1990, the district court stayed proceedings before it pending the outcome of administrative proceedings before the Department of Agriculture. Plaintiff appealed this order to the Court of Appeals for the Ninth Circuit, and also petitioned that court for a writ of mandamus compelling the district court to lift the stay and proceed with trial. On June 27, 1991, the Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction, and denied its petition for a writ. The United States Supreme Court denied plaintiff's petition for a writ of certiorari on January 27, 1992. Plaintiff's claim, then, remains pending simultaneously before the district court and this court.

## STANDARD OF REVIEW

On April 23, 1992, the Court of Appeals for the Federal Circuit issued its opinion in *UNR Industries, Inc. v. United States*, addressing the jurisdictional bar of 28 U.S.C. § 1500. *See UNR Indus., Inc. v. United States*, 962 F.2d 1013 (Fed.Cir.) (*en banc*), *cert. granted*, —— U.S. ——, 113

---

1. This court placed this action on its suspense calendar by order on July 27, 1989, pending resolution of the above-specified district court action. The case remained on the suspense calendar until November 2, 1992, when the court *de facto* vacated its July 27, 1988, order by directing the parties to brief issues raised at an earlier status conference.

S.Ct. 373, 121 L.Ed.2d 285 (1992). Section 1500 provides:

> The United States Claims Court[2] shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States. (footnote added)

28 U.S.C. § 1500 (1988). The statutory history of section 1500 is set out in *UNR*. *See UNR*, 962 F.2d at 1017–19.

As noted in that opinion, *id.* at 1019–21, section 1500's jurisdictional bar had become riddled "with judicially created exceptions and rationalizations to the point that it no longer serve[d] its purposes." *Id.* at 1021. Therefore, the *UNR* Court overruled all of these exceptions, and held that:

> 1) if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on; 2) if the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction, regardless of when the court memorializes the fact by order of dismissal; and 3) if the same claim has been finally disposed of by another court before the complaint is filed in the Claims Court, ordinary rules of res judicata and available defenses apply.

*Id.* It is under the second of the *UNR* Court's three rulings that defendant argues the court must dismiss plaintiff's claim.

## DISCUSSION

▇▇▇ Plaintiff filed its taking claim in this court on June 2, 1986. Plaintiff thereafter filed for a writ of mandamus in the district court on July 5, 1989. The only issue before the court today is whether or not plaintiff's two actions consist of the "same claim." *See UNR*, 962 F.2d at 1023–24; *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1562–63 (Fed.Cir. 1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). Actions consist of the "same claim" when they allege the same operative facts; the legal theories raised in the two actions are irrelevant. *UNR*, 962 F.2d at 1023; *Johns–Manville*, 855 F.2d at 1562–63, 1567. The court finds that the operative facts in both the district court and the Court of Federal Claims actions are indeed the same, and as such, this court is divested of jurisdiction over plaintiff's claim. 28 U.S.C. § 1500; *UNR*, 962 F.2d at 1021.

In its response to defendant's motion to dismiss, plaintiff argued that the case should not be dismissed because the facts determinative of the district court case and the case at bar are "mutually exclusive." Plaintiff argued that if this court determined that defendant had taken plaintiff's property, there would be no issues in the district court case. Alternatively, if the district court found that defendant had *not* taken plaintiff's property, there would be no issues before this court. The court disagrees with plaintiff's characterization of its actions and the facts upon which they are based. The two actions arose out of the same occurrence: the regulatory prohibition of motorized access to plaintiff's property, rendering plaintiff unable to gain viable access to its property.

Because plaintiff has a claim arising out the same operative facts pending before both this court and the District Court for the Western District of Washington, this court lost jurisdiction over the matters pending before it, as a matter of law, when the district court case was filed. It is clear that at the present time, the court is constrained to dismiss plaintiff's claim. Accordingly, the court grants defendant's motion to dismiss, pursuant to RCFC 12(b)(1).

---

**2.** The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

Plaintiff's January 27, 1993, motion for summary judgment is moot.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss, *without prejudice*. The court furthermore orders that plaintiff's motion for summary judgment is moot. The Clerk of the Court shall dismiss the complaint without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1500. No costs.

IT IS SO ORDERED.